**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDRE MARSHALL, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1305-CR-191 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Natalie Bokota, Judge Pro Tempore
Cause No. 45G02-1009-FB-95

**January 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Andre Marshall appeals his convictions and sentence for Class B felony confinement, Class B felony robbery, Class C felony intimidation, Class D felony pointing a firearm, and Class A misdemeanor battery. We affirm.

## Issues

Marshall raises four issues, which we restate as:

    I.      whether the admission of a police officer's summary of the offense was reversible error;

    II.     whether the trial court properly denied Marshall's motion for mistrial;

    III.    whether the trial court abused its discretion in sentencing Marshall; and

    IV.    whether his convictions for battery and robbery violate double jeopardy.

## Facts

On July 24, 2010, Gregory Mason, Jr., was driving in Gary. While stopped at an intersection, Mason waved Marshall, who was on foot, across the street. Instead of crossing the street, Marshall approached the passenger side of Mason's car and lifted his shirt, revealing a gun. Marshall then got into Mason's car and demanded money. Marshall threatened to kill Mason and, unsatisfied with the $30 Mason gave him, pointed the gun at Mason and demanded that Mason take him to Mason's house to get more money. In an effort to protect his children, Mason drove to his aunt's house instead of his own house. While at Mason's aunt's house, Marshall took Mason's necklace, watch, and wedding ring, hit him with the gun several times, and threatened to kill him. Mason

2

then offered to withdraw money from an ATM, and drove to a nearby bank while Marshall pointed the gun at him. Mason was able to withdraw $200 but an attempt to withdraw another $200 was declined. While Mason drove to another bank, Marshall again threatened to kill Mason and hit him with the gun. Mason went to a walk-up ATM machine and twice tried to withdraw more money. Mason then fled on foot and flagged down help. Marshall was later apprehended in Indianapolis driving Mason's car.

Marshall was eventually charged with Class B felony carjacking, Class B felony confinement, Class B felony robbery, two counts of Class C felony battery, Class C felony intimidation, and Class D felony pointing a firearm. A jury trial was conducted in August 2011. Marshall was acquitted of the carjacking charge and found guilty of battery as a Class A misdemeanor, and the jury was deadlocked on the remaining counts. In November 2011, the trial court entered a judgment of conviction on the battery charge, and Marshall was sentenced to 320 days in jail on that charge.

On March 25, 2013, Marshall was retried on the confinement, robbery, intimidation, and pointing a firearm charges. A jury found him guilty as charged. In sentencing Marshall, the trial court considered as aggravators the emotional damage inflicted on Mason during the commission of the offense, Marshall's criminal history, the nature and circumstances of the offense, and the fact that Marshall had previously violated the terms of lenient sentences. The trial court did not find any mitigating factors. The trial court sentenced Marshall to eighteen years on the confinement conviction, eighteen years on the robbery conviction, six years on the intimidation conviction, and three years on the pointing a firearm conviction. The trial court ordered the confinement,

robbery, and intimidation sentences to be served consecutively for a total sentence of forty-two years. Marshall now appeals.

## Analysis

### *I. Admission of Evidence*

Marshall argues that a police officer's testimony relaying what Mason told him about the offense immediately after it happened was inadmissible hearsay. The decision to admit or exclude evidence at trial is squarely within a trial court's discretion, and it is afforded great deference on appeal. VanPatten v. State, 986 N.E.2d 255, 260 (Ind. 2013). We will not reverse such a decision, unless it is clearly contrary to the logic and effect of the facts and circumstances of the case or misinterprets the law. Id.

Officer George Dickerson of the Gary Police Department testified that when he arrived at the scene he made an offense report, which included Mason's detailed description of the incident. Officer Dickerson then relayed this description to the jury over Marshall's objection. Marshall argues that this testimony was not admissible to show the course of Officer Dickerson's investigation and should have been excluded.

Even assuming Marshall is correct, we are to disregard errors in the admission of evidence as harmless error unless they affect the substantial rights of a party. Id. at 267; see also Ind. Trial Rule 61. In determining whether an error in the introduction of evidence affected the defendant's substantial rights, we must assess the probable impact of the evidence upon the jury. VanPatten, 986 N.E.2d at 267. "'Admission of hearsay evidence is not grounds for reversal where it is merely cumulative of other evidence admitted.'" Id. (citation omitted).

4

Before Officer Dickerson testified, Mason testified in great detail regarding the offense. Officer Dickerson's testimony about what Mason had told him after the offense was merely cumulative of Mason's trial testimony. To the extent Marshall argues that he was prejudiced by the admission of this evidence because it bolstered Mason's testimony, we disagree. In admitting this testimony, the trial court explained to the jury that what Mason told Officer Dickerson was "not being offered for the truth of the matter asserted, that is to prove that what was said is true, but just to show what this officer heard and what that caused him to do next." Tr. p. 520. In light of this admonishment and Mason's own unequivocal testimony, we are not convinced that any error in the admission of Officer Dickerson's testimony prejudiced Marshall's substantial rights or is grounds for reversal.

## II. Mistrial

Marshall argues that the trial court improperly denied his motion for a mistrial. A mistrial is an extreme action and is warranted only when no other action can be expected to remedy the situation. Vaughn v. State, 971 N.E.2d 63, 68 (Ind. 2012). "The decision to grant or deny a mistrial motion is left to the sound discretion of the trial court." Id. at 67. We will reverse the trial court's determination on the issue only for an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Id. at 67-68. "We afford great deference to the trial court because it is in the best position to gauge the circumstances and impact on the jury." Id.

5

At trial, Officer Dustin Danai of the Indianapolis Metropolitan Police Department testified that Marshall was apprehended in Indianapolis. Officer Danai explained that he was dispatched to an apartment complex and, when he arrived, the person who had called 911 pointed at a car and said "that's the guy who shot my brother." Tr. p. 545. Marshall objected on relevancy grounds and moved for a mistrial. The trial court sustained the objection, but denied the request for a mistrial.

Instead, the trial court admonished the jury not to consider that statement in its deliberations. The trial court decided to poll the jurors regarding their ability to ignore that statement during their deliberations. The trial court stated, "If any of the jurors indicate that they cannot ignore the statement in their deliberations and feel that it would affect their verdict, then the mistrial motion would be granted." Id. at 553. When polled, one juror indicated that the statement might influence the verdict, and that juror was replaced with an alternate juror, who had stated that he or she could ignore the statement.[1] Marshall took issue with the decision to replace the juror with an alternate instead of declaring a mistrial. The trial court acknowledged its earlier statement and explained that it had forgotten that alternate jurors were available. The trial court stated:

> I did say I would be granting the mistrial, but I forgot that we had two alternate jurors who we could utilize to replace anyone who might be influenced by that statement. And so

[1] On appeal, Marshall points out that in response to the trial court's questioning another juror stated, "I believe I can ignore it." Tr. p. 559. Although Marshall contends that no action was taken regarding this juror, he does not further develop this argument on appeal. Moreover, Marshall did not object to this juror remaining on the jury. In fact, after removing one juror, the trial court asked, "Were there any other jurors polled whom either the State of the defense believes were equivocal or whom we should replace with the second alternate . . . ?" Id. at 569. Marshall answered no. In the absence of a well-developed argument regarding this juror, we decline to address this issue further.

6

> being human, I erred in that regard. As long as we can give
> you a fair trial, we're going forward.

Id. at 568.

On appeal, Marshall asserts that the admonition and polling of the jurors highlighted the evidence. Marshall also suggests that Officer Danai might have deliberately attempted to introduce inadmissible evidence and that, at the very least, Officer Danai created the inference that Marshall was a violent individual. None of these arguments, however, establish that the trial court abused its discretion in denying the motion for mistrial. "When the jury is admonished by the trial judge to disregard what has occurred at trial, it usually is considered a sufficient curative measure so that his refusal to grant a mistrial does not amount to reversible error." Peters v. State, 542 N.E.2d 1340, 1344 (Ind. 1989). Here, the jurors were not only admonished but polled regarding their ability to disregard the statement, and one juror was removed from the jury and replaced with an alternate. Although the trial court was concerned about the potential harm caused by Officer's Danai's statement, it took steps to ensure that a fair and impartial jury had been impanelled. Under these facts, the denial of the motion for mistrial does not warrant reversal.

### III. Sentence

Marshall argues that the trial court abused its discretion in sentencing him by ignoring two mitigators.[2] We evaluate a sentence under the current "advisory" sentencing

---

[2] Marshall also argues that the consecutive sentences should be modified because they are "unduly harsh." Appellant's Br. p. 13. Marshall, however, does not provide a specific argument that his sentence is inappropriate and should be revised pursuant to Indiana Appellate Rule 7(B). As we have explained,

scheme pursuant to <u>Anglemyer v. State</u>, 868 N.E.2d 482, 491 (Ind. 2007), <u>clarified on reh'g by</u> <u>Anglemyer v. State</u>, 875 N.E.2d 218 (Ind. 2007). The trial court must issue a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence." <u>Anglemyer</u>, 868 N.E.2d at 491. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. <u>Id.</u> "The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." <u>Id.</u>

In sentencing Marshall the trial court expressly did not find any mitigating circumstances. Marshall argues the trial court ignored that prior to sentencing he had been working two jobs and providing emotional and financial support for his fiancée's children. As the State asserts, however, Marshall's short-term employment and support of his fiancée's children are not significant mitigating factors because "[m]aintaining employment and supporting one's family are common and expected activities." Appellee's Br. pp. 20-21. Marshall has not established that the trial court overlooked a significant mitigator that was clearly supported by the record. <u>See Anglemyer</u>, 875 N.E.2d at 220-21 ("But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant.").

### IV. Double Jeopardy

inappropriate sentence and abuse of discretion claims are to be analyzed separately. <u>King v. State</u>, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Thus, any inappropriateness argument is waived for failing to develop cogent argument supported by citation to relevant authority. <u>See</u> Ind. Appellate Rule 46(A)(8)(a).

Marshall argues that the battery for which he was convicted at the first trial was an element of the subsequent robbery conviction and that the trial court should have merged the two offenses and vacated the battery conviction. In support of his argument, Marshall relies on Hudson v. State, 265 Ind. 302, 310, 354 N.E.2d 164, 170 (1976), in which our supreme court sua sponte merged the lesser included offense of rape with the charge of armed rape and merged the offenses of premeditated murder and felony murder. Marshall, however, provides no specific analysis of the robbery and battery charges or the facts used to establish the offenses. Without more, he has not established that the Class A misdemeanor battery conviction was a lesser included offense of the Class B felony robbery conviction.

**Conclusion**

Marshall has not established that the admission of Officer Dickerson's testimony or the denial of his motion for mistrial constitute reversible error. Nor has he established that the trial court abused its discretion in sentencing him or that his convictions for robbery and battery violate double jeopardy principles. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.